IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREGORY THOMPSON, DELORES THOMPSON, and ERIC THOMPSON,<br><br>Plaintiffs,<br><br>vs.<br><br>ANTHONY FLORES, Current Operator of Value Priced Auto Phoenicians and Carbid360;<br><br>Defendant. | 8:24CV173<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motions for Leave to Proceed in Forma Pauperis ("IFP") filed by Plaintiffs Gregory Thompson ("Gregory") and Eric Thompson ("Eric"). Filing No. 3; Filing No. 17.

On June 24, 2024, co-Plaintiff Delores Thompson ("Delores") paid the $405.00 filing and administrative fee. Because Delores and Gregory are both non-prisoners, Delores' payment of the filing and administrative fees also applies to Gregory, and the Court will, therefore, deny Gregory's IFP motion as moot.

With respect to Eric's IFP Motion, however, Eric, as a prisoner plaintiff, is still required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if he is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001). Moreover, pursuant to the Prison Litigation Reform Act, each prisoner in a joint action must pay the full civil filing fee. *See Cole v. Houston*, No. 4:06cv3314, 2007 WL

1309821 (D. Neb. March 30, 2007). In other words, each prisoner in a joint action must pay the full civil filing fee, just as if he had filed the suit individually.

Here, the Court has received a certified copy of Eric's trust account information. Filing No. 14. Eric is permitted to proceed IFP. Pursuant to 28 U.S.C. § 1915(b)(1), Eric must pay an initial partial filing fee in the amount of 20 percent of the greater of Eric's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. Here, the Court finds the initial partial filing fee is $116.24, based on an average monthly account balance of $581.21. Eric must pay this initial partial filing fee within 30 days, or his case will be subject to dismissal. Eric may request an extension of time if one is needed.

In addition to the initial partial filing fee, Eric must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, Eric's institution must collect the remaining installments of the filing fee and forward the payments to the Court.

Eric is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. See *In re Tyler*, 110 F.3d at 529–30; *Jackson*, 173 F. Supp. 2d at 951.

IT IS THEREFORE ORDERED that:

1. Plaintiff Gregory Thompson's Motion for Leave to Proceed IFP, Filing No. 17, is denied as moot because co-Plaintiff Delores Thompson paid the filing and administrative fees.

2. Plaintiff Eric Thompson's Motion for Leave to Proceed IFP, Filing No. 3, is granted.

3. Plaintiff Eric Thompson must pay an initial partial filing fee of $116.24 within 30 days unless the Court extends the time in which he has to pay in response to a written motion.

4. After payment of the initial partial filing fee, Plaintiff Eric Thompson's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the Court.

5. The Clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff Eric Thompson's institution.

6. The Clerk's office is directed to set a pro se case management deadline in this case using the following text: **October 7, 2024**: Plaintiff Eric Thompson's initial partial filing fee payment due.

7. Plaintiffs are advised that the next step in Plaintiffs' case will be for the Court to conduct an initial review of Plaintiffs' claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in a separate order and address Plaintiffs' other pending motions as well.

Dated this 5th day of September, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge