IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREGORY THOMPSON, DELORES THOMPSON, and ERIC THOMPSON,<br><br>Plaintiffs,<br><br>vs.<br><br>ANTHONY FLORES, Current Operator of Value Priced Auto Phoenicians and Carbid360,<br><br>Defendant. | **8:24CV173**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on pro se Defendant Anthony Flores's application to proceed *in forma pauperis*. Filing No. 55. On October 22, the Court set a deadline for Defendant to file a motion for Court appointed counsel. Filing No. 46. Defendant subsequently filed a motion to appoint counsel. Filing No. 48. The Court denied Defendant's motion without prejudice because Defendant did not submit a financial affidavit with his motion. Filing No. 49. The Court directed the Clerk to mail Defendant a blank Application to Proceed in District Court Without Prepaying Fees or Costs. Defendant subsequently completed and timely mailed a completed application. Filing No. 55. The Court construes Defendant's application as a renewed motion to appoint counsel and considers his financial affidavit as well as the statements in the previously denied motion. For the reasons set forth herein, Defendant's motion for Court appointed counsel is granted.

1

A civil litigant has no constitutional or statutory right to a court-appointed attorney. The Court may, however, make such an appointment at its discretion. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). "District courts may exercise this discretion to appoint counsel not only for indigent plaintiffs, but also for indigent defendants in civil cases." *Lightfeather v. Woods*, No. 8:21CV115, 2023 WL 3168692, at *2 (D. Neb. Apr. 28, 2023).

A trial court has broad discretion to decide whether both the pro se party and the Court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the pro se party's ability to investigate the facts and present or defend the claims. *Davis*, 94 F.3d at 447. The Court may also consider whether and to what extent the unrepresented party made any effort to retain counsel before seeking court-appointed counsel. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

Upon review of Defendant's financial affidavit, the Court finds Defendant is unable to afford counsel. *See* 28 U.S.C. § 1915. In his motion, Defendant asserts he suffered a stroke in August 2025 and that it is difficult for him to collect his thoughts and understand the law that applies to this case. Filing No. 48. Given Defendant's physical limitations and the claims alleged, the undersigned finds Defendant's ability to defend the claims asserted against him is hindered due to his health limitations. Additionally, this case is not so advanced that appointing counsel at this stage will significantly delay progression. Trial is not set, and written discovery, expert, deposition, and motions deadlines remain outstanding. *See* Filing No. 54. The Court also previously appointed counsel for the (then) pro se Plaintiffs upon conducting an initial review of Plaintiffs' complaint. Filing No. 25. After considering all applicable factors, the Court finds both Defendant and the Court will benefit from the appointment of counsel in this case.

Accordingly,

2

IT IS ORDERED:

1)    Defendant's application to proceed *in forma pauperis* and motion for appointment of counsel, Filing No. 55, is granted.

2)    With thanks for accepting the appointment, Attorney Lynae Tucker-Chellew and Dornan Law Team are hereby appointed to represent Defendant Anthony Flores.[1]

3)    Ms. Tucker-Chellew and/or any other counsel from Dornan Law Team are directed to promptly enter their appearance as counsel in this case.

4)    Upon entry of counsel's appearance in CM/ECF, the Clerk of the Court shall immediately pay from the Federal Practice Fund the sum of $1,000 to the Dornan Law Team.

5)    A second and last installment of $1,000 shall become due and payable to the Dornan Law Team upon entry of judgment or other closing documents in this case.

6)    Subject to the prior approval of the Court, counsel may incur reasonable expenses when representing Defendant in accordance with the Amended Plan for the Administration of the Federal Practice Fund and the Federal Practice Committee. *See also* NEGenR 1.7(g) and NECivR 54.3–54.4.

7)    Should Defendant succeed and counsel be awarded attorney fees and expenses that exceed $2,000 plus expenses, counsel shall reimburse the Federal Practice Fund for the fees and expenses paid from the fund.

8)    Counsel for Defendant is appointed to assist Defendant with defending the claims asserted against him and through trial, if this case should proceed to trial.  The appointment will not extend to any appeal after trial.

9)    The Clerk of Court is directed to send a copy of this Memorandum and Order to Defendant and Defendant's appointed counsel.

---

[1] Pursuant to the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee.

3

Dated this 8th day of December, 2025.

BY THE COURT:


_s/ Jacqueline M. DeLuca_

United States Magistrate Judge